IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LAREGINALD JONES, | : | |
| Plaintiff | : | |
| VS. | : | |
| DOUGHERTY COUNTY, *et al.*, | : | NO. 1:14-CV-00074-WLS-CHW |
| Defendants | : | **Proceedings under 42 U.S.C. § 1983** |

**REPORT AND RECOMMENDATION**

Plaintiff **LAREGINALD JONES**, a prisoner at Dougherty County Jail, filed a lawsuit pursuant to 42 U.S.C. § 1983. Now before the court is a motion for a preliminary injunction (Doc. 16). Plaintiff seeks to have this Court correct the violation of his constitutional rights, suppress wrongfully obtained evidence, and dismiss other evidence in an ongoing state criminal prosecution. Because this Court is not in a position to grant Plaintiff's request, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Injunctive Relief.

Plaintiff's request for injunction must be denied under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* doctrine establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. *Id*. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented.

1

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders*, 304 F.App'x 814, 816 (11th Cir.2008) (*per curiam*). The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." 401 U.S. at 43.

A federal court could enjoin a pending state criminal proceeding only if "the danger of irreparable loss is both great and immediate," and only if "the threat to the plaintiff's federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *Younger,* 401 U.S. at 45–46 (internal citation and quotation marks omitted). To justify federal intervention, Plaintiff "must show manifest bad faith and injury that is great, immediate, irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and result in a deprivation of meaningful access to the state courts." *Allee v. Medrano,* 416 U.S. 802, 836 (1974).

In this case, Plaintiff has not alleged that the pending state court pre-trial proceedings regarding the charges made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims. Further, Plaintiff has not alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record. He has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength,* 758 F.2d 1405 (11th Cir.1985). Plaintiff may vindicate his constitutional rights in the ongoing state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger,* 401 U.S. at 45.

For these reasons, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunction be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, within fourteen (14) after being served with a copy thereof.

**SO RECOMMENDED**, this 5th day of NOVEMBER, 2014.

/s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge